## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **vs.** } | **CASE NO. 2:09-cv-01450-SLB** |
| } | |
| **BRCKM ENTERPRISES, INC. d/b/a** } | |
| **CLUB 1120; BILLY'S BAR & GRILL,** } | |
| **LLC; CHRISTOPHER BRETT** } | |
| **PENNINGTON; SIVAPPA S. SWAMY,** } | |
| **MD as the Administrator of the Estate** } | |
| **of KAPALI G. SWAMY, deceased,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant Estate of Kapali G. Swamy's ("Swamy") Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. 3),[1] and defendant BRCKM Enterprises, Inc. d/b/a Club 1120's ("BRCKM") Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction, (Doc. 14).  Plaintiff Colony Insurance Company ("Colony") has filed suit for declaratory judgment against, *inter alia*, Swamy and BRCKM, asking that the court declare the rights and duties of the parties with respect to a policy of insurance (the "Policy") issued by Colony to BRCKM.  (Doc. 1 at 9-10.)  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court finds that Swamy and BRCKM's Motions to Dismiss,

---

[1] Reference to a document number, ["Doc. ___"], refers to the document number assigned to each document as it is filed in the court's record.

(Docs. 3 and 14), are due to be granted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises out of a state court case (the "state court case") involving the death of Kapali G. Swamy ("Mr. Swamy").  (*See* Doc. 2 at 4.)  In that case, filed by Swamy against BRCKM, Billy's Bar & Grill, LLC ("Billy's"), and Christopher Brett Pennington ("Pennington"), Swamy alleges that on November 18, 2007, Pennington wrongfully caused the death of Mr. Swamy by "punch[ing] Mr. Swamy an unknown number of times on or about the head and face."  (Doc. 1, Ex. 2 at 3-4.)  Swamy alleges that BRCKM and Billy's, by continuing to serve alcoholic beverages to Pennington even though Pennington "was visibly intoxicated," are jointly and severally liable for Mr. Swamy's death.  (Doc. 1, Ex. 2 at 5.)  In the state court case, Swamy has alleged claims for wrongful death and assault and battery, and, as to BRCKM and Billy's, claims for negligence/wantonness, negligent/wanton training, and pursuant to Alabama's Dram Shop Act.  (*Id.* at 5-9.)  As damages, Swamy seeks "punitive damages in an amount to be determined by the enlightened conscience of the jury . . . and . . . compensatory damages from [BRCKM and  Billy's] . . . pursuant to [Alabama's Dram Shop Act]."  (*Id.* at 9.)  The state court case remains pending in the Circuit Court of Jefferson County, Alabama.  (Doc. 2 at 1.)

Because the Policy issued by Colony to BRCKM would arguably cover any damages incurred by BRCKM in the state court case, Colony, on July 21, 2009, filed the instant

declaratory judgment action against BRCKM, Billy's, Pennington, and Swamy (collectively referred to as the "Defendants"), requesting that the court "enter an appropriate judgment declaring the rights and duties of the parties under the . . . Policy," and asking that the court "specifically declare that there is no coverage under the . . . Policy requiring Colony . . . to defend and/or indemnify . . . BRCKM . . . from the claims made against it by . . . Swamy." (Doc. 1 at 10-11.)  On July 22, 2009, Colony filed an Amended Complaint for Declaratory Judgment, correcting a clerical error contained in its initial Complaint.  (*See* Doc. 2.)

After Colony filed the Amended Complaint for Declaratory Judgment, Swamy and BRCKM, on July 28, 2009, and September 8, 2009, respectively, filed Motions to Dismiss for Lack of Subject Matter Jurisdiction.  (Docs. 3 and 14.)  In their motions, Swamy and BRCKM contend that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 3 at 1; Doc. 14 at 1.)  However, the parties do not dispute that diversity of citizenship exists, but argue only that Colony has failed to satisfy the requisite amount in controversy for diversity jurisdiction.  (*See* Doc. 3 at 2-7; Doc. 14 at 3-9.)  The court held oral argument on the motions on November 10, 2009, but did not render a decision at that time.  (*See* Doc. 15.)

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992)).  Aside

from original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, a federal court also has original jurisdiction over cases involving "citizens of different States," so long as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," *id.* § 1332(a). "[T]he party who seeks the exercise of jurisdiction in [its] favor" bears the burden of showing the requisite amount in controversy. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also State Farm Fire & Cas. Co. v. Knoblett*, 561 F. Supp. 2d 1256, 1257 (N.D. Ala. 2008) (holding that plaintiff in declaratory judgment action has the burden of demonstrating the requisite amount in controversy).

In declaratory judgment actions, where insurance coverage related to an underlying state court action is at issue, "the court must look to the amount in controversy in the underlying state court suit to determine the amount in controversy for the purposes of diversity jurisdiction." *Knoblett*, 561 F. Supp. 2d at 1257 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). Thus, in declaratory judgment actions, for purposes of determining the requisite amount in controversy, the court's inquiry is similar to that of removal actions. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 & n.1 (11th Cir. 2003) ("'Although most of our caselaw regarding § 1332's amount in controversy has arisen in the context of removal from state to federal court, we find the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions . . . .'" (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250,

4

1253 (5th Cir. 1998))).

"Where a plaintiff fails to specify the total amount of damages demanded, . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).   Thus, "the removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'"   *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008) (quoting *Black's Law Dictionary* 1220 (8th ed. 2004)).

In determining whether a removing defendant has met its burden, "the district court has before it only the limited universe of evidence available when the motion to remand is filed–i.e., the notice of removal and accompanying documents."[2] *Id.* at 1213-14 (footnote omitted) "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to

---

[2] As Colony points out, for purposes of determining the requisite amount in controversy, its Amended Complaint for Declaratory Relief is synonymous to a notice of removal.  (*See* Doc. 5 at 3; Doc. 16 at 3.)

make up for the notice's failings." *Id.* at 1214 (citing *Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978)) (footnote omitted).  But, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  *Id.* at 1211.  That said, it remains that "'[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.'"  *Leonard*, 279 F.3d at 972 (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)).

In the instant case, Swamy and BRCKM correctly point out that Swamy "did not plead in the . . . state court case any amount that it was seeking or any amount that is in controversy."  (Doc. 3 at 6; Doc. 14 at 2-3.)  Accordingly, Swamy and BRCKM argue that Colony "has not established . . . that the amount in controversy exceeds $75,000," and that its "naked assertion that the amount in controversy exceeds $75,000 does not establish the threshold requirement."  (Doc. 3 at 2-3; Doc. 14 at 3-4.)

In its Amended Complaint for Declaratory Relief, Colony asserts three arguments for why the amount in controversy exceeds $75,000, exclusive of interests and costs.  (Doc. 2 at 2-3.)  Specifically, Colony argues that (1) given the facts alleged by Swamy in the state court case, "it is apparent from the [state court] Complaint that the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs," (2) "[i]t is not uncommon for courts and juries in Alabama to award damages in excess of

6

Seventy-Five Thousand Dollars ($75,000) for claims similar to those brought by [Swamy]," and (3) "Alabama juries have routinely returned punitive damage verdicts in excess of Seventy-Five Thousand Dollars ($75,000) even in cases involving no bodily injury." (*Id.* at 3.)  The court addresses each argument in turn.

As to Colony's second and third grounds for demonstrating the requisite amount in controversy, the court finds both grounds to be unavailing.  Specifically, the United States Court of Appeals for the Eleventh Circuit has considered what evidence a court may rely upon in determining whether a party seeking to assert diversity jurisdiction has satisfied its burden of establishing the requisite amount in controversy.  *See Lowery*, 483 F.3d at 1220. In *Lowery v. Alabama Power Co.*, the Eleventh Circuit considered a removing defendant's arguments that "the amount in controversy could be derived from . . . the nature of the claims asserted," and also "with evidence regarding the value of purportedly similar tort claims in Alabama."  With respect to the former argument, the court held that to accept it "would necessarily [require] . . . impermissible speculation-evaluating without the benefit of any evidence the value of individual claims." *Id.*  As to the latter argument, the Eleventh Circuit first pointed out that "this evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources.  As such, the evidence is not of the sort contemplated by § 1446(b)." *Id.* at 1220-21.  The court continued, noting that "[e]ven if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of

claims in any one particular suit." *Id.* at 1221.  Notably, the Eleventh Circuit emphasized

that, "in the present dispute-with a record bereft of detail-[it could not] possibly ascertain

how similar the current action is to those the defendants cite." *Id.*  As a result, the Eleventh

Circuit found "[n]either argument . . . sufficient to establish jurisdiction." *Id.* at 1220; *see*

*also Thibodeaux v. Paccar, Inc.*, 592 F. Supp. 2d 1377, 1381 (M.D. Ala. 2009) ("Under

*Lowery*, a removing defendant may not prove amount in controversy by relying upon jury

verdicts in similar cases."); *Yates v. Medtronics*, No. CA 08-0337-KD-C, 2008 WL 4016599,

at *11 (S.D. Ala. Aug. 28, 2008) (rejecting as improper evidence under *Lowery* the wrongful

death product liability cases cited by defendants); *Constant v. Int'l House of Pancakes, Inc.*,

487 F. Supp. 2d 1308, 1309 (N.D. Ala. 2007) (finding insufficient under *Lowery* that the

removing defendant had included "several eye-popping examples of jury verdicts in Alabama

in amounts far exceeding $75,000"). *Cf. Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009

WL 506954, at *3 (S.D. Fla. Feb. 27, 2009) (construing removing defendant's citation to

wrongful death cases involving similar facts as demonstrating that, given the specific facts

of the case before the court, it was "facially apparent" from the complaint that the amount

in controversy exceeded $75,000).  In the instant case, because the Eleventh Circuit has

defined the limited scope of evidence that this court may consider in determining the

requisite amount in controversy, and because Colony's second and third arguments rely on

evidence outside that scope, the court finds neither ground sufficient.

  Regarding Colony's other ground for demonstrating the requisite amount in

controversy, Colony alleges that "it is apparent from the [state court] Complaint that the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs." (Doc. 2 at 3.) As support, Colony cites to *Angrignon v. KLI, Inc.*, a district court case out of the Southern District of Florida. (Doc. 5 at 4-6; Doc. 16 at 4-6.) In *Angrignon*, the court considered *Lowery* when considering whether the defendant's removal of a wrongful death case involving an allegedly defective ladder, which sought damages for "medical or funeral expenses," "loss of prospective net accumulations," "damages . . . [for] loss of . . . companionship and protection and mental pain and suffering," and "all other damages allowed by [Florida law]," had alleged the requisite amount in controversy to justify the removal. 2009 WL 506954, at *2. The court stated that although the plaintiff had not specified the amount of damages sought in the underlying state court complaint, that under "a common sense evaluation of the types of damages" alleged, the removing defendant had established the requisite amount in controversy. *Id.* at *4. Stated differently, the court held that it was "facially apparent" that the plaintiff was seeking damages in an amount greater than $75,000. *See id.*

Despite the appeal that Colony finds in *Angrignon*, this court finds it materially distinguishable. Indeed, in reaching its decision, the court in *Angrignon* specifically considered *Siniard v. Ford* and *Thibodeaux v. Paccar, Inc.*, district court cases from the Middle District of Alabama. *Id.* at *2. Although similarities between its case and the Alabama cases existed, the *Angrignon* court found a crucial distinction. *See id.* Particularly,

9

the court pointed out that "the 'measure of damages in an Alabama wrongful death claim is not the value of human life but rather the wrongfulness of the defendant's . . . conduct,'" but, in the case before it, under Florida law, the plaintiff was "seeking damages for 'loss of her husband's companionship and protection and mental pain and suffering from the date of the injury,' in addition to damages on behalf of the estate for 'medical or funeral expenses' and 'loss of prospective net accumulations.'" *See id.* (quoting *Thibodeaux*, 592 F. Supp. 2d at 1381). Given the differences between the states' substantive laws, the *Angrignon* court found the plaintiff's reliance on *Siniard* to be misplaced. *See id.* This court agrees. Given the differences between Alabama and Florida law regarding wrongful death claims, and especially considering the *Angrignon* court's express recognition of those differences, the court finds that Colony's reliance on *Angrignon* is unavailing.

Still, it remains that Colony insists that, based on the facts alleged and claims brought in the state court case, it is "facially clear that the amount in controversy is in excess of $75,000.00." (Doc. 5 at 6; Doc. 16 at 7.) To be sure, the Eleventh Circuit in *Lowery* did specify that "[i]f the jurisdictional amount is . . . readily deductible from [the face of the documents before the court], then the court has jurisdiction." *Lowery*, 483 F.3d at 1211. However, *Lowery* also reiterated that "where damages are unspecified and only the bare pleadings are available . . . any attempt to engage in a preponderance of the evidence assessment . . . would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Id.* at 1210-11 (citing *Lindsey*, 576 F.2d at 595). As one judge in this district

has recognized, "[i]t is, of course, not always easy to draw the line between deduction and speculation.  Juries are routinely instructed that they are obligated to make this distinction.  Deduction is allowed, even encouraged.  Speculation is unreliable, even dangerous." *Constant*, 487 F. Supp. 2d at 1309.

In Alabama, wrongful death claims are governed by section 6-5-410 of the Alabama Code.  Ala. Code § 6-5-410 (1975).  Recovery is limited to punitive damages, which "are penal in nature and are within the sound and honest discretion of the jury." *Dees v. Gilley*, 339 So. 2d 1000, 1003 (Ala. 1976).  That said, "the amount of an award of punitive damages may be measured by the gravity of the wrong done, the punishment called for by the act of the wrongdoer, and the need to deter similar wrongs in order to preserve human life." *Estes Health Care Ctrs., Inc. v. Bannerman*, 411 So. 2d 109, 113 (Ala. 1982).

Here, Colony asserts that it is "readily deducible" from the face of the state court complaint, which Colony has attached to its initial and Amended Complaints for Declaratory Judgment, (Doc. 1 at Ex. 2; Doc. 2 at Ex. 2), that Swamy's claims for the wrongful death of Mr. Swamy exceed $75,000, (Doc. 5 at 6; Doc. 16 at 7).  For support, Colony argues (1) that "based on the fact that . . . [Swamy] is seeking compensatory damages against [BRCKM and Billy's] . . . for the wrongful death of [Mr. Swamy] as well as recovery for mental anguish/pain and suffering and punitive damages[,] makes it apparent and facially clear that the amount in controversy is in excess of $75,000.00," (Doc. 5 at 6), and (2) that "the reprehensibility of the allegations in the [state court] case of how [Mr. Swamy] died for no

11

apparent reason would clearly demonstrate that the amount in controversy would exceed $75,000.00, exclusive of interest and costs," (Doc. 16 at 6).

Colony's first argument, which again supposes that the nature of the claims asserted can demonstrate the requisite amount in controversy, is without merit. As aforementioned, to allow Colony to satisfy its burden of demonstrating that the amount in controversy exceeds the $75,000 jurisdictional requirement simply by pointing out what claims exist in the case, without more, "would necessarily [require that the court] . . . engage in impermissible speculation-evaluating without the benefit of any evidence the value of individual claims." *See Lowery*, 483 F.3d at 1220.

Colony's second argument, while not patently impermissible under *Lowery*, in that it relies on specific factual allegations contained in the state court complaint to support its burden of demonstrating the requisite amount in controversy, nonetheless falls short. Particularly, Colony points out that, in the state court case, the complaint alleges that "[Mr. Swamy] gave Pennington a ride to his grandmothers and upon arriving [Pennington] punched [Mr. Swamy] *for no apparent reason* one or multiple times wherein [Mr. Swamy] collapsed to his death. (Doc. 16 at 6-7 (emphasis added).) Colony maintains that the lack of any evidence justifying Pennington's conduct demonstrates the "senselessness," and therefore "reprehensibility," of Pennington's conduct, which in turn "facially demonstrates that [the] amount in controversy is over $75,000.00." (*See id.*) This court disagrees. Instead, the court finds that a lack of any evidence justifying Pennington's conduct demonstrates only a lack

of discovery, and that Colony's request that this court equate "no apparent reason" to "senselessness" would require impermissible speculation, not reasoned deduction. *See Lowery*, 483 F.3d at 1217-20; *see also Thibodeaux*, 592 F. Supp. 2d at 1380-81. Accordingly, the court finds Colony's second argument to be unavailing.

Therefore, with no other arguments or evidence to support its position, the court finds that Colony has failed to satisfy its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Leonard*, 279 F.3d at 972. For that reason, Swamy and BRCKM's Motions to Dismiss for Lack of Subject Matter Jurisdiction, (Docs. 3 and 14), are due to be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Swamy and BRCKM's Motions to Dismiss for Lack of Subject Matter Jurisdiction, (Docs. 3 and 14), are due to be granted. Colony's Amended Complaint for Declaratory Judgment, (Doc. 2), is due to be dismissed. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 31st day of March, 2010.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE